UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DUNCAN J. MCNEIL, III,

                              Petitioner,            9:05-CV-1500
                                                                (TJM)(RFT)

    v.

UNITED STATES; and JOHN DOES 1-500,

                              Defendants.

---

APPEARANCES:

DUNCAN J. MCNEIL, III[1]
Petitioner, *pro se*

THOMAS J. MCAVOY, Senior United States District Judge

## DECISION and ORDER

**I.    Background.**

*Pro se* Petitioner Duncan J. McNeil, III has commenced this action *pro se* by filing a submission entitled, in relevant part, "Petition for Writ of Mandamus and Petition and Request for Registration of 'Foreign Judgments' Rendered in Another District ...[and] Application for Execution and Enforcement of Registered Judgments...." Dkt. No. 1. Petitioner, who has not paid the filing fee for this action, seeks leave to proceed *in forma pauperis*.[2]

The Court must now consider whether it should dismiss this case pursuant to 28 U.S.C. § 1915(e), which directs that, when a party seeks to proceed *in forma pauperis*, "(2) . . . the court

---

    [1] Petitioner commenced two other actions in this District, which were consolidated, and later dismissed. *See McNeil v. United States*, 5:05-CV-0773 (lead case); *McNeil v. United States*, 5:05-CV-0774 (member case).

    [2] Petitioner states that he is presently confined in the Spokane County Jail. Dkt. No. 1 at 1.

shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, the court has a responsibility to determine that a complaint may be properly maintained in this district before it may permit a party to proceed with an action *in forma pauperis*. *See id.*

In light of Petitioner's *pro se* status, the Court has examined his pleading carefully to determine whether a basis exists for this Court to exercise jurisdiction over his claims. The Court concludes that this action should be dismissed pursuant to 28 U.S.C. § 1915(3)(2)(B) as it is frivolous and fails to state a claim for which this Court can grant relief. The Court notes that Petitioner has filed over fifty cases, similar to this action, in other district courts.[3]

## I.   Application to register judgment

An application to register a judgment from another district is governed by 28 U.S.C. §

---

[3]   In *McNeil v. United States*, No. Civ. 05-114-P-H, 2005 WL 2099902, at *1 (D.Me. Jun. 24, 2005), the District Court of Maine noted "that a search of the United States Party/Case Index reflects that McNeil has been a party in fifty-four civil actions, a recent spate of which mirror the action filed in Maine, *see, e.g., McNeil v. United States*, Civ. No.05-421-UNA (D. Del. June 22, 2005); *McNeil v. United States*, Civ. No. 05- 1251-YK-KH (M.D. Pa. June 21, 2005); *McNeil v. United States*, Civ. No. 05-2919- MK (E.D. Pa. June 21, 2005); *McNeil v. United States*, Civ. No. 05-1669-RWT (D. Md. June 20, 2005); *McNeil v. United States*, Civ. No.05-3283-SAC (D. Kan. June 20, 2005); *McNeil v. United States*, Civ. No. 05-197-N-LMB (D. Id. June 20, 2005); *McNeil v. United States*, Civ. No. 05-445-LGF (W.D.N.Y. June 20, 2005); *McNeil v. United States*, Civ. No. 05-498 (S.D.W. Va. June 20, 2005); *McNeil v. United States*, Civ. No. 05-587-MEF-SRW (M.D. Ala. June 20, 2005); *McNeil v. United States*, Civ. No. 05-3592 (N.D. Ill. June 20, 2005); *McNeil v. United States*, Civ. No. 05-924-DFH-VSS (S.D. Ind. June 20, 2005); McNeil v. Brandt, Civ. No. 05-1043-RSL (W.D. Wash. June 6, 2005). [The Court also noted that it appeared] that McNeil has also been adjudicated a vexatious litigant by the United States Bankruptcy Court for the Central District of California and the Spokane County Superior Court, and is facing an order to show cause as to why restrictions should not be placed on future court filings in the United States District Court for the Eastern District of Washington. See Order to Show Cause at 2, Civ. Nos. 04-358, 04-388, 04-422, 04-423, 04-424, 04-425 (E.D.Wa. Nov. 10, 2004)."

1963, which states in pertinent part that:

> A judgment in an action for the recovery of money or property entered in any ... district court ... may be registered by filing a **certified copy of the judgment** in any other district ... when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. (emphasis added).

In the present case, Petitioner has submitted a **copy** of a "Certification of Judgment for Registration in Another District." Dkt. no. 1, Ex. 1. The certificate is however a photocopy of a Certification of Judgment and not a **certified copy of the judgment** as required by 28 U.S.C. § 1963.  Since the document submitted by Petitioner is not a certified copy of the judgment that was allegedly entered in another district, it cannot be registered as a judgment in this district. Moreover, Petitioner is advised that he does not have to commence a civil action in this District in order to register a judgment from another district.  Instead, Petitioner merely needs to submit to the Clerk **a certified copy of the judgment** from the other District, **together with a filing fee in the amount of $39.00.**  Therefore, this portion of Petitioner's Petition is dismissed.

**II.     Petition for mandamus**

Petitioner, in part, refers to his application as a petition for mandamus, and purportedly seeks to compel the United States and 500 John Doe respondents to perform a duty owed to Petitioner.  The mandamus statute vests jurisdiction in the district courts over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed the plaintiff." 28 U.S.C. § 1361.  It is available "only when the plaintiff has a clear right to the relief sought, the defendant has a clear duty to perform, and no other adequate remedy is available." *Hussein v. Ashcroft*, No. 01 CV 1239, 2002 WL 31027604, at *3

(E.D.N.Y. Sept. 12, 2002).

If Petitioner does seek mandamus, his request is deficient because he has not named as a respondent "an officer or employee of the United States or any agency thereof." He has only named the United States and John Doe respondents. Additionally, even if Petitioner were to properly name an officer or employee of the United States or an agency thereof as a respondent, he has not established that a clear duty is owed to him at this time. First, he appears to seek an order compelling Respondents to register in this District a judgment from another district. As more fully discussed in Section I, above, he has not submitted the proper documents to entitle him to such registration. Next, it appears that Petitioner seeks an order compelling Respondents to enforce the aforesaid judgment. The Respondents owe no duty to enforce Petitioner's judgment, which has yet to be properly registered in this District. Even if Petitioner were at some point to properly register the judgment in this District, it would be **his duty** to seek enforcement of the judgment through the appropriate means as set forth in the Federal Rules of Civil Procedure; not that of the Respondents. Accordingly, Petitioner's Application for a Writ of Mandamus is dismissed for failure to state a claim.

### III.   *In forma pauperis* application

Since this action is dismissed in its entirety, Petitioner's in forma pauperis application is denied as moot.[4]

---

[4] Denial of Petitioner's *in forma pauperis* application is also warranted pursuant to so-called "three strike" rule set forth in 28 U.S.C. § 1915(g). Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action ... if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

**WHEREFORE**, it is hereby

**ORDERED**, that this action is dismissed for the reasons set forth above, and it is further

**ORDERED**, that Petitioner's in forma pauperis application is **DENIED as moot**, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on Petitioner, and it is further

**CERTIFIED**, that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

Date: March 7, 2006

Thomas J. McAvoy
Senior, U.S. District Judge

---

unless the prisoner is under imminent danger of serious physical injury.

In this case, the Court is aware that Petitioner has previously filed as many as five cases which were dismissed as frivolous or malicious. See *McNeil v. United States*, 2005 WL 1521485 * 1 (N.D. Tex. June 28, 2005) (citing cases). Petitioner does not allege in his complaint that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Petitioner does allege that he is not subject to the "three strike" rule because he is not a prisoner, but a civil detainee. Dkt. No. 2 at 1. Since Petitioner has not submitted any evidence that he is a civil detainee, and since this action is dismissed, the Court need not address this issue. Petitioner also claims that the provisions of the Prison Litigation Reform Act, and thus the "three strike" rule, do not apply to this action seeking mandamus. Petitioner is incorrect. "A writ of mandamus is considered by Fifth Circuit courts, as well as by the courts of most other circuits, as a type of appeal and not an independent civil action." *In re Stone*, 118 F.3d 1032, 1034 (5th Cir.1997). Thus, where a writ of mandamus is filed by a prisoner, the nature of the underlying action will determine the applicability of the PLRA. *Id* .; *see also In re Nagy*, 89 F.3d 115, 117 (2d Cir. 1996) (Court must look to underlying action to determine if PLRA applies to writ of mandamus). In this case, the underlying action is collection on a judgment which is clearly, a civil action. Thus, petitioner is subject to the filing fee provisions of the PLRA.