UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DUNCAN J. MCNEIL, III,

                                            Plaintiff,                9:05-CV-1500
                                                                             (TJM)(RFT)

      v.

UNITED STATES and JOHN DOES, 1-500,

                                            Defendants.

---

APPEARANCES:                                  OF COUNSEL:

DUNCAN J. MCNEIL, III
Plaintiff, *pro se*

THOMAS J. MCAVOY, Senior United States District Judge

**DECISION and ORDER**

      Petitioner Duncan J. McNeil, III commenced this action by filing a *pro se* submission entitled, in relevant part, "Petition for Writ of Mandamus and Petition and Request for Registration of 'Foreign Judgments' Rendered in Another District ...[and] Application for Execution and Enforcement of Registered Judgments...." Dkt. No. 1.  Petitioner also submitted an application to proceed *in forma pauperis*. Dkt. No. 2.  By Order filed March 7, 2006, the Court dismissed this action and entered Judgment in favor of Respondents.  Dkt. Nos. 3, 4.  The Court found that Petitioner's request to register in this District a foreign judgment allegedly entered in another District Court was procedurally deficient because Plaintiff did not provide a certified copy of the judgement as required by 28 U.S.C. § 1963.  Dkt. No. 3 at 3.  The Court also determined that the Petition for Mandamus should be dismissed because Petitioner did not name a proper respondent and did not establish a clear duty owed to him by an officer or employee of the United States which might entitled him to a writ of mandamus.  *Id*. at 4.  Since the action was dismissed, the Court

denied Petitioner's *in forma pauperis* application as moot. *Id*.

Presently before the Court is Petitioner's motion for reconsideration of the March 7 Order. Dkt. No. 5. Plaintiff's claims that the Court should reconsider the March 7 Order because (1) many of the Orders issued by other District Courts and referenced in this Court's March 7 Order are "void ab initio," (2) Petitioner is "entitled, as a matter of law, to have his common law action to enforce the confirmed bankruptcy plan" heard on the merits, and (3) he should be allowed to "collaterally attack [his] civil detention and the 'void ab initio' orders." Dkt. No. 5.

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)).

The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* Furthermore, a motion for reconsideration is not to be used "for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'...." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (citations omitted). In this case, Plaintiff addresses issues already decided by the Court and attempts to frame some of his claims under new theories. Because Petitioner has not established any of the above-cited factors relative to his motion for reconsideration, and because he has not met the strict standard required for reconsideration, the request is denied.

2

**WHEREFORE**, it is hereby

**ORDERED**, that Petitioner's motion for reconsideration (Dkt. No. 5) of the March 7 Order is **DENIED**, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.


Dated:   May 18, 2006

Thomas J. McAvoy
Senior, U.S. District Judge